## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE SHAMAH, on behalf of herself and those similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. ) |
| vs. | ) ) ) |
| AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES, | ) ) ) ) |
| Defendant. | ) ) |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1456, Defendant American Honda Finance Corporation ("Honda") removes to this Court the above-styled action, pending as civil action number MON-L-1289-17 in the Superior Court of New Jersey Law Division: Monmouth County. As grounds for removal, Honda states:

### BACKGROUND

1.   This is a putative class action alleging (1) violations of the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-15, (2) violations of the Uniform Commercial Code, N.J.S.A. 12A:9-614, 9-625, and (3) violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, 8-19. Plaintiff claims that Honda sends deficient notices to New Jersey residents when it repossesses and resells cars after borrowers and lessees default on their payment obligations.

1

2. This Notice of Removal is timely because Honda filed it within thirty days after April 24, 2017, the day Honda was served with the Class Action Complaint. *See* 28 U.S.C. § 1446(b)(1).

3. Venue is proper in this Court because the Superior Court of New Jersey Law Division: Monmouth County, where this case was originally filed, is in this District. *See* 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(d), Honda is serving a copy of this Notice of Removal on all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey Law Division: Monmouth County.

5. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Honda prior to the filing of this Notice of Removal is attached as Exhibit A.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Under that statute, a class action may be removed to federal court if (1) there is minimal diversity of citizenship, (2) the putative class has at least 100 members, and (3) the amount in controversy exceeds $5 million. *Id.* This action satisfies each requirement.

*Class Action*

7. This is a "class action" within the meaning of the Class Action Fairness Act because it was brought under a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); Ex. A, Class Action Compl. ¶ 22.

*Minimal Diversity of Citizenship*

8. The diversity of citizenship requirement under the Class Action Fairness Act is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

10. Honda is a California corporation with its principal place of business in Torrance, California. Ex. A, Class Action Compl. ¶ 7; Ojo Decl. ¶ 4.

11. Plaintiff, a citizen of New Jersey, purports to bring a class action on behalf of New Jersey residents. Ex. A, Class Action Compl. ¶¶ 6, 23.

12. Diversity exists under 28 U.S.C. § 1332(d)(2)(A) because at least one member of the putative class is a citizen of a state different than California, the state of Honda's citizenship.

*Size of Putative Class*

13. Plaintiff purports to represent a putative class that is "so numerous that joinder of all members is impracticable." Ex. A, Class Action Compl. ¶ 24. The class consists of "[a]ll individual New Jersey consumers to whom Honda (a) sent a notification of disposition after a repossession that included provisions" similar to the notice allegedly sent to Ms. Shamah at any time from April 3, 2011 to the present. *Id.* ¶ 23. Without conceding the validity of any of Plaintiff's claims, Honda's records show that approximately 5,400 people received such notices following a default on a lease. Ex. B, Ojo Decl. ¶ 2. Thus, the putative class has at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

***Amount in Controversy***

14.     Removal is proper under the Class Action Fairness Act if the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). This amount is determined by aggregating the claims of individual class members. *Id.* § 1332(d)(6).

15.     For purposes of the Class Action Fairness Act's amount in controversy requirement, the focus is not on "what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see Morgan v. Gay*, 471 F.3d 469, 473-75 (3d Cir. 2006) (following *Brill*).

16.     Plaintiff seeks a variety of damages, including civil penalties, statutory damages, and treble damages; he also seeks attorneys' fees. Ex. A, Class Action Compl. at 9-10.

17.     Plaintiff alleges that statutory damages under N.J.S.A. 12A:9-625 include $500 per violation plus an amount not less than the credit service charge plus 10 percent of the principal amount of the debt. Ex. A, Class Action Compl. ¶ 54.

18.     Honda's records show that the average sale price of repossessed cars in New Jersey between April 2011 and April 2017 exceeded $10,000. Ex. B, Ojo Decl. ¶ 3. Therefore, the potential statutory damages arising from 10 percent of principal alone (without in any way conceding the validity of any of Plaintiff's theories) exceeds $5.4 million ($10,000 x 10 percent x 5,400 vehicles).

19.     When potential statutory damages of $2.7 million (5,400 repossessions in New Jersey since April 2011 multiplied by $500) are added, the amount in controversy exceeds $8.1 million, without adding attorney's fees, any actual damages (as opposed to statutory damages), or treble damages.

20. The amount in controversy requirement is thus satisfied.

Respectfully submitted,

AMERICAN HONDA FINANCE
CORPORATION

By: _____
Gerard Cedrone
gcedrone@lavin-law.com
Leona C. McFadden
lmcfadden@lavin-law.com
Lavin, O'Neil, Cedrone & DiSipio
1300 Route 73, Suite 307
Mount Laurel, NJ 08054
Telephone: (856) 778-5544
Facsimile: (856) 793-0237

Eric S. Mattson (*pro hac vice* forthcoming)
emattson@sidley.com
Daniel R. Thies (*pro hac vice* forthcoming)
dthies@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing Notice of Removal to be served via the method noted below on May 22, 2017, on the following:

**Via Federal Express**
Ari H. Marcus
Yitzckah Zelman
Marcus & Zelman, LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712

*Counsel for Plaintiff*

_____
Leona C. McFadden